**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **WISCONSIN PUBLIC SERVICE CORPORATION**<br><br>Plaintiff,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No. 04-0071C<br><br>Judge Block |

**PLAINTIFF'S REPORT IN RESPONSE TO NOTICE OF PRE-DISCOVERY CONFERENCE IN NEW SNF CASES**

Plaintiff, Wisconsin Public Service Corporation (for these purposes "WPSC"), respectfully submits the following report in response to the Court's "Notice of Pre-Discovery Conference in New SNF Cases," filed April 14, 2004 (the "Pre-Discovery Notice").

As a threshold matter and as described in WPSC's March 25, 2004 response to "Defendant's Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues," WPSC wishes to emphasize that it does *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other active litigation such as substantive motions practice. This is in part because there is at least a reasonable chance that developments in other cases could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. Moreover, in this case there is an additional, compelling reason to defer active litigation for a modest period: an agreement has been executed regarding the sale of the Kewaunee plant that is the subject of this action. Upon the expected closing of that sale in the summer of 2004, the plant and the Kewaunee Standard Contract will be assigned to an affiliate

of Dominion Resources, Inc., and Dominion will assume prosecution of claims for all damages associated with the Kewaunee plant. It is, of course, only sensible to allow the party that will ultimately be prosecuting the claims to conduct and make determinations regarding the pre-trial discovery.

The damages caused by the Government's failures regarding spent nuclear fuel and high level waste are substantial. As the timing of the filing of this lawsuit on the eve of an arguable expiration of the applicable limitations period suggests, however, WPSC does not believe that adversarial litigation against the Government is a preferred option. Although WPSC was constrained to file this lawsuit in order to protect the rights to recovery in connection with the Kewaunee plant, WPSC nevertheless desires to conduct short-term pre-trial proceedings in the most efficient and economical manner possible, particularly given the likelihood that WPSC's role in the prosecution of this lawsuit will soon cease. For these reasons, and in furtherance of these goals, WPSC proposes a modest and reasonable stay of the lawsuit.

WPSC notes, however, that it does not necessarily concur with the Government's request for an indeterminate stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the three identified "lead" cases.[1/] It is certainly possible that further developments—in the three lead cases in which trial dates have been set or otherwise—could provide efficiencies in connection with the prosecution of the claims asserted in this case. It is equally possible, however, that proceedings in those three cases could unfold in such a way that it becomes clear that efficiencies in this case would not be gained by awaiting final resolution, particularly given that WPSC believes that this case may differ in significant respects

1/ The three "lead" cases cited by the Government in its Motion to Stay are *Yankee Atomic Power Company v. United States*, No. 98-126C (Senior Judge Merow), *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges), and *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt)

from some or all of the three cases identified by the Government. For example, the case of *Yankee Atomic Power Company*, No. 98-126C, involves power plants that are permanently shut down, unlike the operating Kewaunee plant that is the subject of this lawsuit. Further, WPSC's lawsuit involves only the single unit Kewaunee plant as compared to the two unit plants in *Indiana Michigan Power Co.*, No. 98-486C, and the multiple nuclear plants in *Commonwealth Edison Co.*, No. 98-621C. For these and other reasons, this case may well *not* implicate many of the issues that will likely drive the damages proceedings in the three "lead" cases cited in the Government's motion, and some flexibility regarding a stay based upon those cases is therefore appropriate. In order to allow for these various possibilities in a reasonable manner, WPSC suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

Because WPSC does not believe that the scope of the matters that will remain truly disputed in this case can be known at this time, WPSC has not yet developed or finalized its discovery plans or objectives with regard to this lawsuit. WPSC respectfully suggests that it would be premature to require it to do so now.

In accordance with the Court's Pre-Discovery Notice, WPSC submits the following information regarding its discovery plans and objectives:

1. *The nature and scope of discovery WPSC anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance*: The Government has not yet filed a dispositive motion on the rate of acceptance in this lawsuit, and, indeed, extensive discovery and motions practice on such issues are precisely the sort of costly, time consuming, and resource-intensive activities that WPSC would desire to avoid, if possible. A definitive

appellate ruling, or further rulings from judges on this Court who are presiding over cases where such issues are ripe, could very well obviate the necessity of such motions and discovery in this case as a legal or practical matter.

Nevertheless, if the Government were to file such a motion in this case and WPSC be compelled to respond, WPSC anticipates that it would, to the extent practicable, take advantage of discovery, including depositions, previously provided in the older spent fuel cases on related issues in order to respond to the motion. In such a scenario, the obvious first step would be for WPSC to acquire and review the existing discovery record, but, beyond that, it is not possible at this time for WPSC to identify more specific formal discovery plans or schedules on this issue.

2. *Any circumstance that may affect the timing of discovery or trial*: As noted above, WPSC currently believes that possible developments in older spent fuel cases may affect the timing of discovery or trial. In addition, the expected closing of the sale of the Kewaunee plant may affect timing matters. WPSC does not believe that it is prudent in this case for the parties to pursue active litigation in the short term. In order to allow in a reasonable manner for possible efficiencies due to developments in the older spent fuel cases, WPSC recommends that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings including additional discovery.

3. *If known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case)*: Again, and depending upon how matters unfold in the future in the other pending cases, WPSC believes that there is some reasonable chance that much, if not all, of the discovery taken in the older cases may not be necessary for this case. Assuming, however,

that there was some need for development of a factual record on such issues in this case, WPSC does not now know whether discovery, including depositions, previously provided in the older spent fuel cases would suffice for purposes of this lawsuit. WPSC understands that an extensive discovery record was developed in those older cases and WPSC would anticipate, to the maximum extent practicable, making use of that discovery. However, as WPSC does not yet have access to that material (and the Government has not yet stated when or how it plans to provide such access) it is simply not possible at this time for WPSC to commit to forego the independent discovery rights to which it is entitled under the Rules.

4. *Additional responses to the issues raised in defendant's motion to stay or coordinate discovery*: WPSC suggests that it provide Judge Block with an update of its discovery plans and schedules in the status report that it proposes to file in six months as part of the recommended temporary stay. This additional time will enable WPSC to assess the Government's proposed plans regarding access to and use of existing discovery materials, which are to be provided as part of the Government's response to this Pre-Discovery Notice, and allow for the parties and the Court to assess any developments in other cases that may impact WPSC's discovery requirements.

**CONCLUSION**

For the reasons described above, WPSC believes it is unnecessary and premature for the Court, at this time, to develop or implement any formal coordinated discovery plans. Instead, WPSC suggests that it provide Judge Block with an update regarding the desirability for a continued stay and recommendations for further proceedings, including any additional discovery, in a status report to be filed in six months.

s/ Brad Fagg
Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

April 23, 2004

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff
Wisconsin Public Service Corporation

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of April, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette