**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WISCONSIN PUBLIC SERVICE CORPORATION,** Plaintiff, v. **UNITED STATES OF AMERICA,** Defendant. | ) | Case No. 04-0071C<br>Judge Block |

**MOTION TO SUBSTITUTE PLAINTIFF AND AMEND COMPLAINT, AND FOR LIMITED RELIEF FROM STAY**

This is one of a number of spent nuclear fuel lawsuits currently pending before several judges of the Court. The nuclear power plant at issue in this case was sold by the present Plaintiff, Wisconsin Public Service Corporation ("WPS") on July 5, 2005 to the new and current holder of the Department of Energy ("DOE") Standard Contract (the "DOE Standard Contract") at issue in this case, Dominion Energy Kewaunee, Inc. ("Dominion").

Accordingly, WPS and Dominion respectfully move to amend the complaint and substitute Dominion as the single party plaintiff in this lawsuit pursuant to RCFC 25(c) and RCFC 15(a). Specifically, WPS and Dominion request that the caption of the existing Complaint be amended to reflect the identity of Dominion as the single party plaintiff, and conforming changes be made to paragraphs 1, 5, 6, 8, and 14. The "takings" count recited in the original complaint at paragraphs 54-58 and referenced in paragraph 1 is also deleted from the proposed amended complaint. The proposed amended complaint is included as an Exhibit to this motion. Because the government has not yet served a responsive pleading to the original complaint, this requested amendment may be made "as a matter of course." RCFC 15(a). To the extent it may

be necessary to lift the current stay of this matter in order to implement these changes, WPS and Dominion request that it be so lifted for those limited purposes, but that the stay otherwise remain in place.

**DISCUSSION**

WPS filed the original Complaint in this Court on January 22, 2004 seeking, *inter alia*, all damages incurred, and continuing and expected to be incurred, in connection with the failure of DOE to commence accepting spent nuclear fuel and/or high level waste ("SNF") from the Kewaunee Nuclear Power Plant in the state of Wisconsin. The lawsuit was one of a number of "new" SNF lawsuits filed by holders of SNF in late 2003 and early 2004. Since this lawsuit was filed, various status reports have been filed, and the stay periodically extended. Most recently, on July 2, 2007 the Court ordered that the existing stay of the case remain in place until December 14, 2007.

As noted in Paragraph 8 of the original Complaint, WPS had agreed, subject to the satisfaction of certain conditions, to sell the Kewaunee Nuclear Power Plant to Dominion. The predicate conditions were subsequently satisfied, and the sale of the plant to Dominion closed on July 5, 2005. The required notice of assignment of the DOE Standard Contract as part of the sale to Dominion was provided to DOE after closing. The terms of the Asset Sales Agreement provided in part that Dominion would acquire from WPS title to all SNF at or associated with the Kewaunee Power Plant and would assume all of the rights and obligations under the DOE Standard Contract for the Kewaunee Nuclear Power Plant, "including but not limited to the right to pursue and recover damages" resulting from DOE's failure to commence accepting and disposing of SNF from the Kewaunee facility. Accordingly, Dominion is now the single party with authority to pursue any and all claims against DOE in connection with DOE's failures to

commence accepting SNF from the Kewaunee Nuclear Power Plant.

In circumstances such as these, it is appropriate for the Court to direct that the party possessing the interest being pursued in the litigation be substituted as the named party plaintiff under RCFC 25(c). *See, e.g.*, *Standard Fed. Bank v. United States*, 51 Fed. Cl. 695, 706 (2002). Rule 25(c) operates "when an interest is transferred during pending litigation." *Id.* (citations omitted). In this case, conduct of the lawsuit will be facilitated by the requested substitution. As reflected in the joinder of this motion by WPS, all potential claimants against the government in connection with the Kewaunee Nuclear Power Plant agree that Dominion is the proper party to be prosecuting this lawsuit. Substitution will ensure that the real party in interest is the actual party prosecuting the lawsuit, will ensure that no possibility of duplicative recovery is presented, and will simplify the administration of the case.

The ability of WPS to assign to Dominion the right to pursue all claims involving the Kewaunee Nuclear Power Plant under the Nuclear Waste Policy Act and the DOE Standard Contract has been recognized by this Court on multiple occasions. *See, Rochester Gas and Electric Corporation v. United States*, 65 Fed. Cl. 431, 440-442 (2005); *Vermont Yankee Nuclear Power Corporation v. United States*, 73 Fed. Cl. 236, 241-242 (2006). Accordingly, to the extent that the government might oppose substitution upon the basis of argued non-assignability of so-called pre-existing claims, such opposition should be rejected.[1]

[1] In *Rochester Gas*, the Court joined the buyer as a co-plaintiff rather than substitute the buyer, for two reasons that are not present here. *See* 65 Fed. Cl. at 442 ("Rochester Gas retains its takings claim and remains liable for the one-time fee.) First, the existing complaint in *Rochester Gas* contained a "takings" count, and the Court there noted that takings claims are generally not assignable. Here, the proposed amended complaint eliminates the takings count, thereby obviating any such concerns. Second, the selling party in *Rochester Gas* retained liability for a "one-time fee," which is a charge for, in essence, electricity generated prior to April 1983, payable to the government either shortly after execution of the contract or (with interest) when DOE actually commences accepting spent nuclear fuel. WPS already paid the one-time fee for Kewaunee, however, and no such "one time fee" issues are therefore present here. For these reasons, substitution, rather than joinder, of Dominion as the plaintiff is appropriate.

Finally, to the extent it may be necessary to lift the current stay for the limited purpose of implementing this substitution, WPS and Dominion respectfully request that the stay be so lifted. Otherwise, for the reasons previously described in prior submissions to the Court, WPS and Dominion request that the current stay of the case be kept in place.

## CONCLUSION

For the foregoing reasons, WPS and Dominion respectfully request: (1) that Dominion be substituted as the single named party plaintiff in this action pursuant to RCFC 25(c) and RCFC 15(a), along with conforming changes and deletion of the takings count as described above and reflected in the attached Exhibit 1; and (2) that the stay of this action entered by the Court most recently on July 2, 2007 be lifted for the limited purpose of implementing these changes, but otherwise remain in place.

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-5191 (telephone)
(202) 739-3001 - facsimile

Counsel for Wisconsin Public Service Corp.
and
Dominion Energy Kewaunee, Inc.

October 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 22nd day of October 2007, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg