IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN PUBLIC SERVICE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0071C<br>(Judge Block) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SUBSTITUTE PLAINTIFF AND AMEND
COMPLAINT, AND FOR LIMITED RELIEF FROM STAY

Pursuant to Rule 7.1(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully responds to the "Motion To Substitute Plaintiff And Amend Complaint, And For Limited Relief From Stay," filed October 22, 2007. We do not oppose the plaintiff's request for limited relief from the stay of proceedings so that it may file its motion. Further, we will not oppose the movant's request to file an amended complaint at this time, through which it essentially substitutes a new plaintiff for the original plaintiff in this case, so long as the United States is able to reserve its right to challenge the new plaintiff's standing and right to pursue recovery on claims that pre-dated the assignment of the contract at issue in this case from the existing plaintiff, Wisconsin Public Service Corporation ("WPSC"), to the new plaintiff, Dominion Energy Kewaunee, Inc. ("Dominion").

DISCUSSION

Under the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" ("Standard Contract") at issue in this case, the terms of which are published at 10 C.F.R. § 961.11, a contract holder may, in appropriate circumstances, assign its contract to the new owner of the spent nuclear fuel ("SNF") that is the subject of the Standard Contract. 10

C.F.R. § 961.11, Art. XIV ("Assignment"). In its October 22, 2007 motion, WPSC makes it appear that no controversy exists with regard to whether it has the right to assign not only its Standard Contract, but also any monetary damages claims that pre-date the contract assignment.

We strongly disagree with WPSC's discussion of the correct law in this regard. The Assignment of Contracts Act ("Contracts Act"), 41 U.S.C. § 15, generally governs and limits the ability of Government contractors to assign their contracts without the Government's consent, while the Assignment of Claims Act ("Claims Act"), 31 U.S.C. § 3727, generally governs and limits the ability of Government contractors to assign their claims against the Government. The Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. § 10222(b)(3), creates an exception to the limitations of the Contracts Act, providing that the "rights and duties of a party to a contract entered into under this section may be assignable with transfer of title to the spent nuclear fuel or high-level radioactive waste involved," and the Standard Contract at issue in this case incorporates that provision, although the Standard Contract also requires notice within 90 days of the assignment.

It appears that, in this case, WPSC has purported to assign not only its Standard Contract to a new party, Dominion, but also has purported to assign to Dominion all of its claims for damages based upon events preceding the assignment of the contract and claims. Neither the NWPA nor the Standard Contract contemplates assignments of pre-existing damages claims. To the contrary, although the NWPA's statutory provision relating to the assignment of contracts may limit the prohibitions upon contract assignments identified in the Contracts Act, Congress has expressly distinguished assignments of contracts (traditionally governed by the Contracts Act) from assignments of damages claims (traditionally governed by the Claims Act). Neither

the NWPA nor the Standard Contract overrides the statutory provisions of the Claims Act, and WPSC, therefore, has no basis upon which it can properly assign its pre-existing damages claims to Dominion.

The distinction in the meaning between the assignment of a contract and an assignment of a claim is seen in comparing the Contracts Act, 41 U.S.C. § 15, with the Claims Act, 31 U.S.C. § 3727. The fact that Congress passed one statute regarding the assignment of contracts and another statute regarding the assignment of claims is deliberate and reveals that such assignments are to be viewed and treated differently. As previously discussed, the Contracts Act establishes that no contract with the United States may be transferred to a third party:

> No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned.

41 U.S.C. § 15. The pertinent provisions of the Claims Act place separate limitations upon an entity's ability to assign its damages claims against the Government to a third party, as follows:

> (a) In this section, "assignment" means (1) a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim; or (2) the authorization to receive payment for any part of the claim.
>
> (b) An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727 (formerly 31 U.S.C. § 203). Because Congress enacted two separate statutes pertaining to assignment, using one for "contracts" and one for "claims," the distinction demonstrates congressional intent to have the statutes play different roles in achieving a broad, common goal.

The permissibility of, restrictions upon, and effect of an assignment differ depending upon which Act is applied. Assignments of claims found to violate the Claims Act, 31 U.S.C. § 3727, are invalid, returning the parties to the status quo ante. Colonial Navigation Company v. United States, 149 Ct. Cl. 242, 245, 181 F. Supp. 237, 240 (1960); see Fireman's Fund Ins. Co. v. England, 313 F.3d 1344, 1349 (Fed. Cir. 2002). Under the Contracts Act, 41 U.S.C. § 15, wrongful assignments of contracts are not only invalid, but may result in annulment of the contract by the Government. Tuftco Corp. v. United States, 222 Ct. Cl. 277, 284 n.5, 614 F.2d 740, 744 n.5 (1980). Another important conceptual difference between these two statutes is that 31 U.S.C. § 3727, which expressly concerns claims, "pertains to claims for work already done," whereas 41 U.S.C. § 15, which pertains to "executory contracts, is more concerned with continuing obligations." Tuftco Corp., 222 Ct. Cl. at 284 n.4, 614 F.2d at 744 n.4 (emphasis added). Therefore, the Standard Contract's assignment language based upon the NWPA's exclusive use of the word "contract" because the term draws a distinction between the assignment of a contract and the assignment of pre-existing claims.

The United States Court of Appeals for the Federal Circuit seems to draw the same distinction. In Ginsberg v. Austin, 968 F.2d 1198 (Fed. Cir. 1992), the Federal Circuit determined that pre-existing claims are not automatically transferred with the assignment of an executory continuing contract. The case involved the issue of whether the right to back rent (a

pre-existing claim) was presumed transferred, if not expressly reserved, when a lease contract was assigned. Ginsberg v. Austin, 968 F.2d 1198, 1200 (Fed. Cir. 1992). Because the Federal Circuit could not find any Federal law dispositive of the issue, the Court analyzed "general property and contract law principles as they . . . [were] embodied in state law pronouncements." Id. (citations omitted). As a matter of property law, the state courts uniformly have held that rents when due and owing become personal property and that the "transfer of . . . real estate subject to the lease does not carry with it any right to accrued rents then unpaid. These belong to the person who was the landlord at the time of their accrual and not to the grantee, unless assigned to him." Id. at 1201 (citations omitted). The Federal Circuit determined that, on the subject of assignments, the law of contracts was consistent with property law. Id. Various authorities agree that "the assignment of rights under a continuing contract does not imply an assignment of rights of action for previous breaches of the contract . . . ." Id. (citations omitted). Consequently, the Court held that, in light of the uniform and longstanding legal authority, as a matter of Federal law, a back rent claim (that is, a pre-existing claim) was not transferred with the assignment of the continuing contract and that pre-existing claims were separate from the assignment of the contract itself.

In its motion, WPSC cites two decisions of this Court, Rochester Gas & Electric Co. v. United States, 65 Fed. Cl. 431 (2005), and Vermont Yankee Nuclear Power Corp. v. United States, 73 Fed. Cl. 236 (2006), that provided an incredibly broad interpretation to the NWPA's assignment provision and applied that provision to monetary damages claims. We disagree with the scope of those opinions, and, to the extent that the Court wishes to resolve this issue at this time, we request an opportunity to brief this issue in full. In addition, because we have no

information regarding the specific assignment that WPSC and Dominion allege has occurred, we do not know whether there are other bases upon which to challenge Dominion's pursuit of claims that otherwise would belong to WPSC. However, at the present time, and subject to our right at an appropriate time (after this case becomes active) to challenge Dominion's pursuit of claims that it should not be entitled to pursue, we will not challenge WPSC's request to withdraw from this case or Dominion's request to file a new amended complaint that may contain some claims that Dominion is not entitled to pursue.

## CONCLUSION

Subject to the Government's future right to contest Dominion's pursuit of some or all of the claims that are identified in its proposed amended complaint, we will not oppose the Court's filing of that complaint at this time, followed by a continuation of the stay in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

November 8, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 8th day of November 2007, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND AMEND COMPLAINT, AND FOR LIMITED RELIEF FROM STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.